

1  LAWRENCE BREWSTER
   Regional Solicitor
2  DANIELLE L. JABERG
   Counsel for ERISA
3  CA State Bar No. 256653
   IAN ELIASOPH, Trial Attorney
4  Email: eliasoph.ian@dol.gov
   CA State Bar No. 227557
5  Office of the Solicitor
   United States Department of Labor
6  90 7th Street, Suite 3-700
   San Francisco, California 94103
7  Telephone (415) 625-7746
   Fax (415) 625-7772
8
   Attorneys for Plaintiff,
9  United States Department of Labor

FILED
CLERK U.S. DISTRICT COURT

DEC 1 0 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

JS-6

10
11                    IN THE UNITED STATES DISTRICT COURT
12                    FOR THE CENTRAL DISTRICT OF CALIFORNIA
13

HILDA L. SOLIS, Secretary of Labor,        )  CASE NO.: 2:08-cv-04703-
14  United States Department of Labor,      )  SVW-E
                        Plaintiff,          )
15                                          )
16            v.                            )
                                            )
17                                          )  (Proposed) FINAL
   HEZEKIAH N. MOORE M.D., P.C. a           )  JUDGMENT
18  corporation; HEZEKIAH N. MOORE, an      )
19  individual; HEZEKIAH N. MOORE,          )
   M.D., P.C. PROFIT SHARING PLAN,          )
20  an employee benefit plan; HEZEKIAH N.   )
21  MOORE, M.D., P.C. MONEY                 )
   PURCHASE PENSION PLAN, an em-            )
22  ployee benefit plan; and HEZEKIAH N.    )
23  MOORE, M.D., P.C. PROFIT SHARING        )
   PLAN AND MONEY PURCHASE                  )
24  PENSION PLAN,                           )
25                    Defendants.           )
26
27       This Court having reviewed, considered and granted the *Motion for Summary*
28  *Judgment* and *Motion for the Appointment of an Independent Fiduciary* filed by HILDA

L. SOLIS, Secretary of Labor, United States Department of Labor, enters this Final

(Proposed) Final Judgment                                        **Page 1 of 4**

1  Judgment pursuant to Federal Rule of Civil Procedure 58.

2      IT IS HEREBY **ORDERED, ADJUDGED,** and **DECREED** that:

3    **A.**    Defendants Hezekiah N. Moore M.D., P.C. and Hezekiah N. Moore are
4         permanently enjoined from violating the provisions of Title I of ERISA.

5    **B.**    Defendant Hezekiah N. Moore is permanently enjoined from serving as a
6         fiduciary to any ERISA-covered employee benefit plan.

7    **C.**    Defendant Hezekiah N. Moore is enjoined from causing any assets to be
8         removed from any account held in the name of the Hezekiah N. Moore,
9         M.D., P.C. Employee Retirement Plan Trust ("the Trust"), the Hezekiah N.
10         Moore M.D., P.C., Profit Sharing Plan, Hezekiah N. Moore M.D., P.C.
11         Money Purchase Pension Plan; and the Hezekiah N. Moore M.D., P.C.
12         Profit Sharing Plan & Money Purchase Pension Plan (collectively "the
13         Plans").

14    **D.**    Defendant Hezekiah N. Moore is enjoined from receiving any distribution
15         or payment from the Plans that were accrued or vested as a result of his par-
16         ticipation in the Plans.

17    **E.**    By Order of this Court dated August 10, 2009, (Docket No. 46), Defendants
18         Hezekiah N. Moore M.D., P.C. and Hezekiah N. Moore were ordered to re-
19         store to the Plans $71,235 in losses caused by the Defendant Hezekiah N.
20         Moore M.D., P.C. and Hezekiah N. Moore fiduciary breaches under ERISA
21         by August 25, 2009.  Any amount not so restored remains due and owing.
22         No allocation shall be made to the plan accounts of Defendant Hezekiah N.
23         Moore from this restoration of plan losses to the Plans.  Defendant Heze-
24         kiah N. Moore's Plan accounts shall not benefit in any way from the resto-
25         ration of plan losses, and the payment shall be allocated in full to the other
26         current and former participants and beneficiaries of the Plans since Decem-
27         ber 31, 2000.  To the extent that any assets currently remain in the Trust's
28         account, those assets may be used to offset the $71,235 due to be restored to

(Proposed) Final Judgment               **Page 2 of 4**

1    the Trust.

2    **F.**    Defendants Hezekiah N. Moore M.D., P.C. and Hezekiah N. Moore are

3    hereby removed as fiduciaries to the Plans.

4    **G.**    By Order of this Court dated October 13, 2009, (Docket No. 48), Nicholas

5    L. Saakvitne of the Saakvitne Law Corporation, 532 Colorado Avenue, Sec-

6    ond Floor, Santa Monica, California 90401, was appointed Independent Fi-

7    duciary of the Plans.

8    **H.**    By Order of this Court dated October 13, 2009, (Docket No. 48), $2,500

9    became due and owing to Nicholas L. Saakvitne to be paid by Defendants

10    Hezekiah N. Moore M.D., P.C. or Hezekiah N. Moore.  Assets of the Plans

11    shall not be used to satisfy this obligation.

12    **I.**    By Order of this Court dated October 13, 2009, (Docket No. 48), the Inde-

13    pendent Fiduciary assumed the following powers, duties and responsibili-

14    ties:

15    a.    The Independent Fiduciary shall have full fiduciary authority and

16    shall have all the powers, rights, discretion, and duties of a trustee, fiduci-

17    ary, and Plan Administrator under ERISA;

18    b.    The Independent Fiduciary's responsibilities shall include, but shall

19    not be limited to, establishment or continuation of trust accounts for the

20    benefit of the Plans' participants and beneficiaries, communication with

21    participants regarding their account disbursement options, collection of any

22    necessary information from those persons or entities in custody of such in-

23    formation including bankruptcy trustees, and calculation of the participants'

24    and beneficiaries' account balances;

25    c.    The Independent Fiduciary shall have responsibility and authority to

26    collect, liquidate, and manage the Plans' assets for the benefit of the eligible

27    participants and beneficiaries who are entitled to receive such assets, until

28

(Proposed) Final Judgment                        **Page 3 of 4**

such time that the Plans' assets are distributed to those participants and beneficiaries;

d.    The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each participant or beneficiary who is eligible to receive a distribution under the terms of the Plans.  Further, the Independent Fiduciary shall make distributions to each eligible participant and beneficiary of the Plans, except no distribution shall be made to Defendant Hezekiah N. Moore;

e.    The Independent Fiduciary shall have full access to all data, information and calculations in the Plans' possession or under its control, including information and records maintained by the Plans' custodial trustees, service providers, and Defendants Hezekiah N. Moore M.D., P.C. and Hezekiah N. Moore; and

f.    As soon as administratively practicable after appointment, the Independent Fiduciary shall provide for the orderly termination and liquidation of the Plans, including making all distributions and/or rollovers to the participants and beneficiaries except that no distribution shall be made to Defendant Hezekiah N. Moore.

The Court directs the entry of this Final Judgment as a final order.  The Court shall retain jurisdiction for purposes of ensuring compliance with this Final Judgment.

IT IS SO ORDERED, ADJUDGED AND DECREED.

DATED: _12/3/09_

_____
STEPHEN V. WILSON
United States District Court Judge

(Proposed) Final Judgment                                    **Page 4 of 4**